**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

PAMELA J. AMANN,                    :

                     Case No. 3:07-cv-140

        Plaintiff,

                     District Judge Walter Herbert Rice
                     Chief Magistrate Judge Michael R. Merz

  -vs-

MICHAEL ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.          :

**REPORT AND RECOMMENDATIONS**

        Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

        Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v.*

*Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988);  *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978);  *Houston v. Secretary of Health and Human Services*, 736 F.2d 365  (6th Cir. 1984);  *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.  *Garner, supra.*  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion.  *Elkins v. Secretary of Health and Human Services*, 658 F.2d  437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an

application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the

Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed applications for SSD and SSI on April 24, 2004, alleging disability from July 25, 2003, due to a back impairment and carpal tunnel syndrome. (Tr. 48-50; 250-52; 56-63). Plaintiff's applications were denied initially and on reconsideration. (Tr. 31-34; 36-38; 254-57; 259-61). A hearing was held before Administrative Law Judge James Knapp, (Tr. 262-86), who determined that Plaintiff is not disabled. (Tr. 12-23). The Appeals Council denied Plaintiff's request for review, (Tr. 4-6), and Judge Knapp's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Knapp found that she has severe chronic low back pain associated with lumbar degenerative disc disease, mild cervical degenerative disc disease, status post right dominant hand ulnar nerve transplant and carpal tunnel release, and non-dominant left hand carpel tunnel syndrome release residuals. (Tr. 18 at ¶3). Judge Knapp then found that Plaintiff does not have an impairment or combination of impairments that meets or equals the Listings. (Tr. 19 at ¶4). Judge Knapp found further that Plaintiff has the residual functional capacity to perform a limited range of light work. (Tr. 20 at ¶5). Judge Knapp then used Section 202.21 of the Grid as the framework for deciding, coupled with vocational expert's (VE) testimony, and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 22 at ¶¶9, 10). Judge Knapp concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 23).

Treating physician Dr. Maupin reported on May 25, 2004, that he first saw Plaintiff on September 19, 2003, and last saw her on March 9, 2004; her diagnoses were ulnar compression syndrome and cubital tunnel syndrome across the right elbow. (Tr. 145-47). Dr. Maupin also

4

reported that Plaintiff underwent surgery on October 9, 2003, for right ulnar nerve subcutaneous transposition and on November 12, 2003, for left carpal tunnel release. *Id.* Dr. Maupin opined that Plaintiff's condition was improving and that she was to return on June 1, 2004, to discuss possible future surgery for right carpal tunnel release. *Id.*

Examining physician Dr. Miller reported on August 28, 2004, that Plaintiff has had back pain since 1999, that the back pain was constant, and that it radiated into her hips and legs. (Tr. 150-56). Dr. Miller also reported that Plaintiff has had surgery on her right elbow and surgery on her right hand. *Id.* Dr. Miller reported further that Plaintiff had no tenderness and no tissue texture changes of her cervical paraspinals and trapezius, that there was no spinous process tenderness, that cervical range of motion was normal, muscle stretch reflexes were two-plus and symmetrical in the bilateral biceps and triceps, and manual muscle testing of the bilateral upper limbs revealed mild weakness in the hand intrinsics on the right. *Id.* Dr. Miller noted that Plaintiff's sensory exam including light touch and pin prick from the left shoulder down to the fingers was normal, that there was weak grasp on the right compared to the left, and testing also demonstrated weakness on the right. Id. Dr. Miller noted further that palpation of Plaintiff's thoracic and lumbar paraspinals revealed no tenderness, that she was tender over the PSIS bilaterally, that there was no spinaeous process, sacroiliac joints were not tender, and that there was greater trochanteric tenderness bilaterally. Id. Dr. Miller also noted that Plaintiff's lumbar range of motion was limited, her hip range of motion was limited due to aggravation of back and hip pain, muscle stretch reflexes were two-plus and symmetrical at the bilateral patella and Achilles tendons, and that manual muscle testing revealed mild weakness in the hip flexors due to pain inhibition. *Id.* Dr. Miller reported that Plaintiff had decreased sensation in the L5, S1 distribution on the right, that supine straight leg

5

raising produced focal back pain but not referred pain down the legs, and that there was no leg length discrepancy. *Id*. Dr. Miller's assessment was history of carpal tunnel release on the right, history of ulnar nerve transposition on the right, chronic back pain, degenerative disc disease, and chronic hip pain. *Id*. Dr. Miller opined that Plaintiff should be able to perform at least a light duty job. *Id.*

Treating physician Dr. West reported on May 25, 2004, that he first saw Plaintiff on October 21, 1992, and last saw her on August 6, 2003. (Tr. 125-44). During the time that Dr. West treated Plaintiff, specifically on October 26, 1992, a cervical MRI and a lumbar MRI revealed mild degenerative changes at the C5-6 disc space level with small spurs and no abnormality of the lumbosacral spine. *Id*. A March 5, 1996, MRI of Plaintiff's lumbar spine revealed mild disc degeneration. *Id*. An April 11, 1996, EMG indicated some evidence of a mild L5 radiculopathy on the right. *Id.* Dr. West noted on July 9, 1999, that Plaintiff had mild tenderness in the lower lumbar region, decreased ranges of motion, 1/4 patella reflexes bilaterally and 2/4 Achilles reflexes bilaterally, some sensory deficits involving L4, L5, and S1 dermatome on the right when compared with the left and positive straight leg raising on the right. *Id*. Dr. West also noted that a June 22, 1999, CT scan of Plaintiff's lumbar region failed to demonstrate any obvious disc herniations and only some disc bulging at L4-5. *Id*. Dr. West noted on August 6, 2003, that Plaintiff had palpable tenderness in the lower lumbar region, decreased ranges of motion, some slight sensory deficits involving the right posterior and lateral calf when compared with the left, and positive straight leg raising at thirty degrees bilaterally. *Id*. Dr. West noted that a July 28, 2003, CT scan of Plaintiff's lumbar region demonstrated some disc bulging in the lower lumbar region but no disc herniations or nerve root compression, and that she also had some sacroiliitis on the left. *Id*.

Plaintiff began treating with Dr. Gupta in November, 1999, and continued to receive treatment from him through at least August 14, 2006. (Tr. 163-249). During that period of time, Dr. Gupta identified Plaintiff's diagnoses as sacroiliitis, lumbago, backache, low back pain, lumbar disc degeneration, radiculopathy, cervical spondylosis, and chronic low back pain. *Id*. Dr. Gupta treated Plaintiff with various pain medications, intradistal electrothermotherapy, radio frequency neurolysis of the lumbar facet joint, and trigger point injections. *Id*.

In her Statement of Issues, Plaintiff alleges that the Commissioner erred by failing to give the proper evidentiary weight to Dr. Gupta, by rejecting her allegations of disabling pain, and by relying on the VE's testimony which was in response to an improper hypothetical question. (Doc. 5).

Failure to consider the record as a whole undermines the Commissioner's conclusion. *Hurst v. Secretary of Health and Human Services,* 753 F.2d 517, 518 (6th Cir. 1985), *citing, Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1973).

> In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is "substantial" only when considered in isolation. It is more than merely "helpful" for the ALJ to articulate reasons ... for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.

*Hurst,* 753 F.2d at 519 (citation omitted). Even though an ALJ is not bound by a treating physician's opinion, he must set forth his reasons for rejecting the opinion. *See Bowen v. Commissioner of Social Security,* 478 F.3d 742 (6th Cir. 2007); *see also, Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

As noted above, Dr. Gupta has been Plaintiff's long-term treating physician. Indeed, his office notes number approximately 86 pages in the record. *See* Tr. 163-149 [Ex. 5F, 6F]. Judge

7

Knapp referred to Exhibit 5F only one time, (Tr. 19), and to Dr. Gupta by name only one time. (Tr. 21). In contrast, Judge Knapp discussed at length examining physician Dr. Miller's report, (Tr. 19-20; 21), and noted that he based his conclusion as to Plaintiff's residual functional capacity on the reviewing physician's opinion. (Tr. 20).

While it is true that Dr. Gupta did not offer a specific opinion as to Plaintiff's residual functional capacity, this Court cannot engage in meaningful judicial review in the absence of a substantive review and analysis of Dr. Gupta's reports. Although the Commissioner seems to invite the Court to analyze Dr. Gupta's office notes specifically as to his physical findings, (Doc. 6 at 9-10), it is not this Court's function to engage in such an analysis. As noted above, the Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. Indeed, it is the Commissioner's function to weigh the evidence. *Young v. Secretary of Health and Human Services,* 787 F.2d 1064 (6th Cir.), *cert. denied,* 479 U.S. 990 (1986).

Under these facts, this Court concludes that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health*

*and*

*Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted);  *see also, Newkirk v. Shalala,* 25 F.3d 316 (6th Cir. 1994).

The fourth sentence of 42 U.S.C. Sec. 405(g) directs the entry of a final appealable judgment even though that judgment may be accompanied by a remand order.  *Sullivan v. Finkelstein,* 496 U.S. 617 (1990).  The fourth sentence does not require the district court to choose between entering final judgment and remanding;  to the contrary, it specifically provides that a district court may enter judgment "with or without remanding the cause for rehearing."  *Id.*

This Court concludes that not all of the factual issues have been resolved in this case. Specifically, there is a question as to the proper weight to be afforded to Dr. Gupta's reports and physical findings.  Accordingly, this matter should be remanded to the Commissioner for further administrative proceedings.

It is therefore recommended that judgment be entered in favor of Plaintiff and against the Commissioner reversing the Commissioner's decision that Plaintiff is not disabled.  It is also recommended that this matter be remanded for further administrative proceedings.

August 31, 2007.

*s/ Michael R. Merz*
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).